UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLENN LEE SELDEN,

       Petitioner,

v.                                 Case No:  2:18-cv-186-FtM-38MRM

UNKNOWN RESPONDENT,

       Respondent.

_____/

**OPINION AND ORDER**[1]


This matter comes before the Court on Petitioner Glenn Lee Selden's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody (Doc. 1) filed March 19, 2018.  Although the Petition is virtually unintelligible, it appears that Petitioner moves the Court for immediate release from incarceration.  (Doc. 1 at 1).  As more fully set forth below, the Court finds the Petition is due to be dismissed.

Petitioner, is an inmate incarcerated within the Florida Department of Corrections ("DOC") at Moore Haven Correctional Facility.  Petitioner is serving a fifteen (15) year sentence and various concurrent five (5) year sentences in connection with offenses

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

committed on or about March 22, 2006, for which he was sentenced on August 20, 2007. *See* Florida Department of Corrections Offender Network, located at www.dc.state.fl.us.

Rule 4, *Rules Governing Section 2254 Cases in The United States District Courts*, requires both a preliminary review of an application for the writ of habeas corpus and summary dismissal "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." The Court takes judicial notice that Petitioner has already filed a 28 U.S.C. § 2254 petition challenging the conviction for which he currently is incarcerated. *See Selden v. McNeil*, Case No. 8:10-cv-02259-T-33EAJ (M.D. Fla. 2010). Petitioner has not obtained leave from the Eleventh Circuit Court of Appeals to file a successive petition. See 28 U.S.C. § 2244(b); *Rules Governing Section 2254 Cases in The United States District Courts*, R. 9; Wells v. AG, 470 F. App'x 754, 756 (11th Cir. 2012) (district court must dismiss a second or successive petition for a writ of habeas corpus brought under § 2254 for lack of jurisdiction unless the prisoner has obtained an order from the appropriate court of appeals authorizing the district court to consider it). Consequently, this case will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Petitioner should be aware that § 2244(b)(2) limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive habeas corpus petition. Furthermore, 28 U.S.C. § 2244(d) imposes a time limitation on the filing of a habeas corpus petition. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of both these provisions.

Accordingly, it is now

**ORDERED:**

1. This case is hereby **DISMISSED** without prejudice.

2.  The **Clerk of Court** is directed to terminate any pending motions, close this case, enter judgment accordingly, and send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) By a Prisoner in State Custody" form.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of April, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Glenn Lee Selden
All Parties of Record